**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ENRIQUE CARDONA RIVAS, | No. 08-71806 |
| Petitioner, | Agency No. A075-310-026 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Carlos Enrique Cardona Rivas, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence findings of fact, including adverse credibility determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies both within Cardona Rivas' testimony, and between his testimony and documentary evidence concerning whether or not he deserted the army, whether or not he participated in the harm of others during his military service, and when his cousin was harmed by guerillas. *See id.* at 1043. Contrary to Cardona Rivas' assertion, these inconsistencies are material to his claim. *See id.* (inconsistencies relating to "the events leading up to [petitioner's] departure" were material); *see also* 8 U.S.C. § 1158(b)(2)(A)(i) (a person who "ordered, incited, assisted, or otherwise participated in the persecution" of any person on account of one of the five grounds may not be granted asylum). In the absence of credible testimony, Cardona Rivas' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**